```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

Lonny K. McKenzie,             )
                               )
        Plaintiff,             ) Case No. 1:09-CV-341
                               )
    vs.                        )
                               )
Commissioner of Social         )
Security,                      )
                               )
        Defendant.             )

O R D E R

This matter is before the Court on Magistrate Judge Black's Report and Recommendation of April 12, 2010 (Doc. No. 11) and Plaintiff's objections to the Report and Recommendation (Doc. No. 13).  In his Report and Recommendation, Magistrate Judge Black concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled because he is capable of performing a substantial number of jobs in the national economy given his residual functional capacity was supported by substantial evidence.  For the reasons that follow, the Court agrees with Plaintiff that the ALJ made an error in presenting his hypothetical to the vocational expert by not including of all of Plaintiff's relevant limitations.  The Court agrees with Judge Black, however, that the ALJ did not err in rejecting the opinion of one of Plaintiff's treating physicians, Dr. Khan.  As a consequence of the ALJ's vocational error, however, the Court agrees with Plaintiff that the ALJ's decision was not supported by substantial evidence.  As a result of this

conclusion, the Court need not reach Plaintiff's contention that the ALJ erred in assessing his subjective complaints of pain and failing to find that he is disabled pursuant to the Medical-Vocational Guidelines.  Therefore, Plaintiff's objections to the Report and Recommendation are **SUSTAINED IN PART, OVERRULED IN PART, AND MOOT IN PART**.  The Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation to the extent Judge Black found that the ALJ did not err in rejecting Dr. Khan's opinion.  The Court **SUSTAINS** Plaintiff's objection and does not adopt the Report and Recommendation to the extent that it concludes that substantial evidence supports the ALJ's conclusion that Plaintiff can perform a number of jobs in the national economy with his RFC.  Plaintiff's objections concerning the ALJ's assessment of his subjective complaints of pain and application of the Medical-Vocational Guidelines are **MOOT.** Accordingly, the decision of the ALJ is **AFFIRMED IN PART AND REVERSED IN PART**.  This case is **REMANDED** to the ALJ pursuant to Sentence Four of 42 U.S.C. 405(g) for further proceedings consistent with this order.

### I. Background

Plaintiff Lonny K. McKenzie filed an application for supplemental security income ("SSI") and disability insurance benefits ("DIB") based on chronic venous insufficiency and a history of substance abuse.  In his Report and Recommendation,

Magistrate Judge Black provided a detailed recitation of Plaintiff's medical history. The Court, therefore, need not repeat that history in detail.

Plaintiff was 48 years old at the alleged onset date of disability and was 54 years old, or approaching advanced age, at the time the ALJ issued his decision. Plaintiff's past relevant work includes jobs as a shear operator, paper processing helper, and trimming machine operator. The shear operator was a semi-skilled job requiring heavy exertion. The paper processing position was an unskilled job requiring heavy exertion. The trimming machine operator position was an unskilled job requiring medium exertion.

For purposes of resolving Plaintiff's objections it is sufficient to note that Plaintiff has chronic venous insufficiency in his lower left leg. According to the functional capacity assessment ("FCA") provided by one of Plaintiff's treating physicians, Dr. Aleda Johnson, this condition causes redness, swelling, and muscle spasm in the lower extremity. It affects Plaintiff's gait and produces continuous pain throughout the day, ranging from a dull ache to sharp pains to causing a pins and needles sensation. Tr. 390-97.

Dr. Cusack-Frair, a physician for the Bureau of Disability Determination ("the BDD"), reviewed Plaintiff's medical records and completed a physical residual functional

capacity assessment which determined that Plaintiff can lift 50 pounds occasionally, lift 25 pounds occasionally, and stand and/or walk for six hours a day. Tr. 286.

As noted, one of Plaintiff's treating physicians, Dr. Johnson, provided a functional capacity assessment. Dr. Johnson also indicated that Plaintiff can occasionally lift up to 50 pounds and occasionally carry up to 25 pounds. Dr. Johnson stated that Plaintiff can sit for up to eight hours a day and can stand or walk for one hour a day. Dr. Johnson stated further that Plaintiff would have to get up and move around once an hour and could sit again after 10 to 15 minutes. Finally, as is important here, Dr. Johnson stated that Plaintiff would have to keep his left leg elevated continuously at 180 degrees during waking hours. Tr. 390-97.

Another of Plaintiff's treating physicians, Dr. Khan, provided a functional capacity assessment which stated that Plaintiff can occasionally lift and carry up to 50 pounds. Dr. Khan, however, stated that Plaintiff can only sit for one hour per day and stand and/or walk for one hour per day. Tr. 347-54.

Plaintiff's application for SSI and DIB was denied initially and upon reconsideration. He asked for and received an evidentiary hearing before an ALJ. During the hearing, the ALJ received testimony from Plaintiff and a vocational expert. The

4

ALJ posed the following hypothetical question to the vocational expert:

> If the person was limited as Dr. Johnson states, in Exhibit 21 F, and says the person can sit for eight hours, stand and walk zero to one hour a day, get up a and move about every hour, sit 10 to 15 minutes later, lift occasionally 50 pounds, occasionally carry 20 pounds, are there any jobs that fit that hypothetical?

Tr. 466. In response, the vocational expert testified that there are about 8,000 light strength jobs this hypothetical person can perform, including 800 box sealing inspector positions, 1,200 carton package machine tender positions, and 800 inking machine tender positions. Id. At the sedentary level, there are about 6,000 positions available, including automatic grinding machine operator positions, dowel inspector positions, and charge account clerk positions. Tr. 465-67. On cross-examination by Plaintiff's counsel, the vocational expert testified that if the hypothetical person indicated in Exhibit 21F were required to elevate his leg three times a day for 30 minutes each time, the number of light level jobs would be reduced to 3,000 and would include 200 information clerk jobs, 600 mail clerk jobs, and 200 textile inspector jobs. Tr. 468-69.

The ALJ issued his decision denying Plaintiff's claim for benefits on September 24, 2008. In proceeding through the five-step sequence for analyzing disability claims, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 31, 2002, that his chronic venous

insufficiency is a severe impairment, and that this impairment does not meet or exceed any of the listings in 20 C.F.R. Part 404, Sub. Pt. P.

The ALJ then determined that Plaintiff has the RFC to lift up to 50 pounds occasionally and 20 pounds frequently, sit for eight hours and stand and walk for one hour, and get up and move every hour and return to sitting ten to fifteen minutes later. The ALJ noted this RFC comports with the light level of exertion according to the vocational expert. In arriving at this RFC, the ALJ reviewed and summarized all of the medical evidence in the record, including the opinions of the various physicians. The ALJ stated, "After careful review of the record, the undersigned notes that everyone agrees that the claimant can lift up to fifty pounds, including a family practitioner in Exhibit 21 F at 50-57, 7-14." Tr. 26. "What the treating and reviewing sources do not agree," the ALJ continued, "is on how much he can stand/walk in an eight hour day." Id. The ALJ stated, however, that "[d]ue to his chronic venous insufficiency in his left leg, <u>the undersigned will give him the benefit of the doubt and accept family practitioner's [sic] assessment in Exhibit 21F at 50-57 (highlighted in bold)</u>." Id. (emphasis added).

The ALJ did not apply the Medical-Vocational Guidelines after adopting this RFC because Plaintiff is not able to perform the full range of light work. The ALJ then relied on the

6

testimony of the vocational expert to determine that there are a substantial number of jobs available that Plaintiff can perform. Consequently, the ALJ determined that Plaintiff is not disabled pursuant to the Social Security regulations at the fifth step of the sequence.

The Appeals Council denied Plaintiff's petition for review of the ALJ's decision, making that decision the final decision of the Commissioner. Plaintiff filed a timely petition for review of the ALJ's decision which raised three assignments of error: 1) the ALJ failed to follow the treating physician rule; 2) the ALJ relied on flawed vocational testimony; and 3) the ALJ erred in assessing his credibility.

In his Report and Recommendation, Judge Black found that the ALJ did not misapply the treating physician rule because the parts of the opinions of Drs. Johnson and Khan that the ALJ did not adopt were inconsistent with the record as a whole. Judge Black further concluded that the ALJ did not make an error in his hypothetical to the vocational expert because he is only required to incorporate those limitations he finds credible. Finally, Judge Black found that the ALJ properly evaluated Plaintiff's subjective complaints of pain and credibility. Accordingly, Judge Black recommended that the ALJ's decision be affirmed and this case closed on the docket of the Court.

Plaintiff then filed these timely objections.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding social security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

III. <u>Analysis</u>

Plaintiff's first two objections concern the ALJ's application of the treating physician rule and his hypothetical to the vocational expert. Because these two issues are somewhat interrelated in this case the Court addresses them together.

Judge Black's Report and Recommendation concluded that the ALJ properly rejected the portions of the opinions of Drs. Johnson and Khan that were inconsistent with the record as a whole. As the Court reads the decision, however, the ALJ actually adopted all of Dr. Johnson's opinion and rejected all of Dr. Khan's opinion. Indeed, the ALJ stated that he was "accept[ing the] family practitioner's assessment in Exhibit 21F" of Plaintiff's RFC." Tr. 26. Thus, the Court's view is that analysis of the treating physician rule is limited to the ALJ's rejection of Dr. Khan's opinion. The problem with Dr. Johnson's opinion, as the Court sees it, is that after accepting it as establishing Plaintiff's RFC, the ALJ failed to incorporate all of its relevant limitations into his hypothetical to the vocational expert.

The Court, however, has little hesitation in concluding that the ALJ did not err in rejecting Dr. Khan's opinion. Under the treating physician rule, opinions of physicians who have treated the claimant receive controlling weight if they are "well-supported by medically acceptable clinical and laboratory

9

diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(d)(2).  If the ALJ finds that either of these criteria have not been satisfied, he is required to apply the following factors in determining how much weight to give a treating physician's opinion: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source."  Wilson v. Commissioner of Social Sec., 378 F.3d 541, 544 (6th Cir. 2004).  The ALJ must give "good reasons" for rejecting the opinion of a treating physician.

Dr. Khan opined that Plaintiff can only sit for an hour a day and stand or walk for an hour a day.  Tr. 349.  The ALJ recognized that if accepted, this RFC would have precluded Plaintiff from performing full-time work.  Tr. 467.  Nevertheless, as the ALJ noted, Dr. Khan's opinion was contradicted by Plaintiff's other treating physician, Dr. Johnson, who stated that Plaintiff can sit for eight hours and stand and walk for an hour a day.  Tr. 26.  Plaintiff tries to argue that Dr. Johnson's opinion and Dr. Khan's opinion are functionally equivalent because the form completed by Dr. Khan did not include a section to indicate that Plaintiff needs to

10

elevate his leg while working.  Plaintiff essentially claims that Dr. Khan must have compensated for this gap in the form by limiting him to one hour of sitting.  This is simply a leap of logic on Plaintiff's part, however.  There is no indication that Dr. Khan was attempting to shoehorn his opinion to fit the form's restrictions.  Even Plaintiff tacitly concedes that he is speculating about the basis for Dr. Khan's opinion.  See Doc. No. 13, at 3-4 ("Dr. Khan was not asked to separately assess Mr. McKenzie's need to elevate his leg; therefore, he likely incorporated this need into his more restrictive finding on sitting.").  Accordingly, the ALJ's decision to reject Dr. Khan's opinion was supported by substantial evidence.

      The Court, nevertheless, agrees with Plaintiff that the ALJ failed to incorporate all of his limitations into the vocational expert's hypothetical.  A vocational expert's testimony does not constitute substantial evidence if the ALJ's hypothetical does not adequately describe the claimant's physical and mental limitations.  Lancaster v. Commissioner of Soc. Sec., 228 Fed. Appx. 563, 573 (6th Cir. 2007).  In this case, as previously indicated, the ALJ accepted in toto Dr. Johnson's RFC. In presenting his hypothetical to the vocational expert, however, the ALJ failed to incorporate Dr. Johnson's limitation that Plaintiff needs to elevate his leg continuously at 180 degrees while sitting.  According to the vocational expert, if the

hypothetical person were required to elevate his leg three times a day for a half hour, the number of light jobs this person could perform would drop from 8,000 to 3,000.  Tr. 469.  Based on this testimony, if the hypothetical person were required to elevate his leg continuously, as Dr. Johnson's RFC indicates, the number of available jobs in the light category would likely decrease substantially again.

The Court agrees with Plaintiff that disposition of this issue is controlled by Howard v. Commissioner of Soc. Sec., 276 F.3d 235 (6th Cir. 2002).  In Howard, the ALJ committed a vocational error in developing the plaintiff's RFC because he only "included those portions of the intake report which cast Howard in a capable light and excluded those portions which showed Howard in less-than-capable light."  Id. at 240.  The Court finds the ALJ did the same thing in this case.  The ALJ did not include the limitation that Plaintiff would be required to elevate his leg continuously while sitting.  As the vocational expert's testimony indicates, this is an important limitation on Plaintiff's ability to perform light work because the number of jobs he could perform would likely be substantially lower.  The Court concludes that the ALJ's hypothetical did not accurately incorporate all of Plaintiff's relevant limitations.  Therefore, his decision finding that there are a substantial number of jobs in the national economy that Plaintiff can perform was not

supported by substantial evidence.  Accordingly, this objection is well-taken and is **SUSTAINED.**

The appropriate remedy for the ALJ's vocational error is to remand the case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).  <u>Ealy v. Commissioner of Soc. Sec.</u>, 594 F.3d 504, 517 (6th Cir. 2010).  The evidence of disability is far from clear.  Moreover, there may still be a substantial number of jobs that Plaintiff can perform even with an amended RFC and vocational hypothetical.  The Court, therefore, cannot direct an award of benefits on this record.

Given the conclusion that remand of this case is appropriate, the Court need not address Plaintiff's contention that the ALJ improperly assessed his credibility and improperly

applied the Medical-Vocational Guidelines.[1]  Accordingly, these two objections are **MOOT.**

### Conclusion

For the reasons stated, Plaintiff's objections to the Report and Recommendation are **SUSTAINED IN PART, OVERRULED IN PART, AND MOOT IN PART**.  The Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation to the extent Judge Black found that the ALJ properly applied the treating physician rule.  Plaintiff's objections are **MOOT** to the extent the Report and Recommendation found that the ALJ properly applied the Medical-Vocational Guidelines and properly evaluated his credibility.  The Court, however, **SUSTAINS** Plaintiff's objections and does not adopt the Report and Recommendation to the extent that it concludes that substantial evidence shows that Plaintiff

---

[1] Plaintiff argued that the ALJ erred in concluding that he can perform light work with his sitting and standing limitations because, according to SSR 83-10, light work requires the ability to stand and walk for six hours in an eight hour day.  Plaintiff overlooks, however, that the definition in SSR 83-10 concerns the full range of light work.  The ALJ found, however, that Plaintiff can perform a limited range of light work.  The Social Security regulations clearly contemplate that a job that involves a substantial amount of sitting can still be classified as a light exertional position.  See 20 C.F.R. § 416.967(b) (stating that a job may be classified as light "when it involves sitting most of the time with some pushing and pulling of arm or leg controls.") (emphasis added).  Moreover, the vocational expert testified that the light jobs he identified do not require standing for six to eight hours. Tr. 466.  The Court, nevertheless, concludes that this objection is moot because a revised RFC potentially eliminates Plaintiff's ability to perform even a limited range of light work.

can perform a substantial number of jobs in the national economy. Accordingly, the decision of the ALJ is **AFFIRMED IN PART AND REVERSED IN PART**. This case is **REMANDED** to the ALJ pursuant to Sentence Four of 42 U.S.C. 405(g) for further proceedings consistent with this order.

       **IT IS SO ORDERED**

Date September 13, 2010          s/Sandra S. Beckwith
                                      Sandra S. Beckwith
                           Senior United States District Judge