UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LONNY K. McKENZIE,  
    Plaintiff,

vs

COMMISSIONER OF SOCIAL
SECURITY,  
    Defendant.

Civil Action No. 1:09-cv-341  
Beckwith, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff Lonny McKenzie's application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Doc. 18), the response in opposition filed by defendant Commissioner of Social Security (Commissioner) (Doc. 20), and plaintiff's reply memorandum. (Doc. 21).

On September 13, 2010, the District Judge issued an Order adopting in part and rejecting in part the Magistrate Judge's Report recommending that the ALJ's decision be affirmed. The District Judge agreed that the ALJ properly applied the treating physician rule. (Doc. 16 at 14). However, the District Judge rejected the Report and Recommendation to the extent it concluded that the ALJ posed a proper hypothetical question to the vocational expert. The District Judge concluded that the ALJ's decision finding that there are a substantial number of jobs in the national economy that plaintiff can perform was not supported by substantial evidence. (*Id.* at 12-13). The Order therefore affirmed in part and reversed in part the decision of the ALJ and remanded the case to the ALJ for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (*Id.* at 15).

Plaintiff thereafter filed his fee application, claiming the Commissioner's decision that he

is not disabled under the Social Security Act was not substantially justified. Plaintiff seeks fees in the amount of $5,039.21 for a total of 30.5 hours of work performed by his attorney before the Distrct Court at an hourly rate of $165.22, plus costs of $350.00. Plaintiff has submitted an itemized list showing the services rendered and the hours expended by his counsel. (Doc. 24, Exh. A).[1]

The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). Title 28 U.S.C. § 2412(a)(1) provides for an award of costs to the prevailing party. A "party" is an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. § 2412(d)(2)(B)(i). A party who wins a remand under Sentence Four of § 405(g) is a prevailing party. *See Shalala v. Schaefer,* 509 U.S. 292, 301-302 (1993).

Under the EAJA, "substantially justified" means the government's position was "justified in substance or in the main." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). To be substantially justified, the government's position must be justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990). The government has the burden under the EAJA to prove that its position was substantially justified. *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001) (citing *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991); *United States v.*

---

[1]Plaintiff submitted an "Affirmation" and itemized list of hours with the fee application. (Doc. 18, Attachment; Exh. A). Plaintiff subsequently submitted an "Amended Affirmation" and itemization to correct an error in the original itemization. (Doc. 24).

*5,507.38 Acres of Land*, 832 F.2d 882, 883 (5th Cir. 1987)).

The Commissioner does not dispute that plaintiff is a prevailing party. The Commissioner claims the Court should reject plaintiff's fee application because the government's position in the underlying litigation was substantially justified. (Doc. 20 at 1). The Commissioner argues that the procedural history of the case before this Court is, in and of itself, proof that the government's position in this matter was substantially justified. (*Id.* at 4). The Commissioner asserts that the District Judge largely agreed with the Magistrate Judge's decision that all of plaintiff's arguments should be rejected, finding that the ALJ committed reversible error only at the fifth step of the sequential evaluation process. The Commissioner contends that the fact that two judges employing the same standard of review ultimately reached two different conclusions demonstrates that reasonable individuals could believe the government's position was correct. Accordingly, the Commissioner claims the government was substantially justified in defending the ALJ's decision.

In reply, plaintiff contends that substantial justification within the meaning of the EAJA is not automatically established even in cases where both the Magistrate Judge and the District Judge agreed with the ALJ's denial of benefits. (Doc. 21 at 2-3, citing *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (quoting *Pierce*, 487 U.S. at 569) ("While a string of losses or successes may be indicative of whether a position is substantially justified, 'the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified.'").

The Court finds the government's position in this case was not substantially justified. The District Judge determined that the ALJ erred by failing to incorporate all of plaintiff's

3

limitations into the hypothetical the ALJ posed to the VE. (Doc. 16 at 11). The District Judge found that the ALJ had accepted *in toto* the treating physician's assessment of plaintiff's residual functional capacity (RFC), which included plaintiff's need to elevate his leg continuously at 180 degrees while sitting. (*Id.*). The ALJ noted that according to the VE's testimony, if a person were required to elevate his leg three times a day for one-half hour, the number of light jobs the individual could perform would drop from 8,000 to 3,000. (*Id.* at 12, citing Tr. 469). The District Judge found that if the hypothetical person were required to elevate his leg continuously, the number of available light jobs would likely decrease substantially again. (*Id.*). The District Judge therefore characterized this restriction as "an important limitation on Plaintiff's ability to perform light work," which the ALJ was required under clearly-established law to include in the hypothetical the ALJ posed to the VE. (*Id.* at 12, citing *Howard v. Commissioner of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002)). The District Judge concluded that because the ALJ failed to do so, his hypothetical did not accurately reflect all of plaintiff's relevant limitations and the ALJ's decision that there are a substantial number of jobs in the national economy that plaintiff can perform was not supported by substantial evidence. (*Id.* at 12-13).

The Commissioner does not point to any evidence in the record or to any supporting case law to show the ALJ had a reasonable basis for failing to include in his hypothetical to the VE plaintiff's need to continuously elevate his leg while sitting, even though the ALJ credited the treating physician's RFC assessment which included this limitation. The Commissioner relies solely on the fact that the Magistrate Judge agreed with the government's position as proof that its position was substantially justified. However, the fact that one court agreed with the government does not establish that the government's position was substantially justified. *See*

*Pierce*, 487 U.S. at 569. Rather, the Commissioner must demonstrate the government had a reasonable basis in law and in fact to undertake the challenged action. *Id*. at 565. The law governing the need to include all relevant limitations in the hypothetical to the VE is clearly established, and the facts do not support the government's position in the underlying action. This Court has refused to find the government's position to be "substantially justified" when an ALJ fails to apply the correct legal standard. *Sturgeon v. Commissioner of Social Security*, No. 1:08-cv-510, 2009 WL 5194385, at *3 (S.D. Ohio Dec. 22, 2009) (Beckwith, J.) (citing *Meyers v. Heckler*, 625 F. Supp. 228, 235 (S.D. Ohio 1985); *Howard v. Heckler*, 581 F. Supp. 1231, 1233-34 (S.D. Ohio 1984)). Accordingly, the Commissioner has not carried his burden in this case.

There is no evidence in the record of special circumstances which would make a fee award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, plaintiff is entitled to an award of fees and costs under the EAJA.

As to the amount of the award, the EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . *shall* be based upon *prevailing market rates* for the kind and quality of the services furnished, except that . . . attorney fees shall *not be awarded in excess of $125* per hour unless the court determines that an increase in the *cost of living* or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (emphasis added).

Plaintiff seeks a fee award of $5,039.21 for a total of 30.5 hours of work performed by his counsel before this Court at an hourly rate of $165.22. The fee plaintiff seeks is based on cost of

living increases as reflected in the Consumer Price Index ("CPI") for all urban consumers since enactment of the EAJA to August 2009, the month in which counsel performed the majority of work in federal court. Plaintiff claims the cost of living increased from $150.90 to $199.45 per hour during that time period, resulting in an adjusted hourly rate of $165.22. (Doc. 24 at ¶ 12). Defendant does not object to the requested hourly rate. For the reasons explained below, the Court finds the requested hourly fee is reasonable.

Although the cost of living "has risen since the enactment of the EAJA," the decision whether this increase justifies a fee in excess of the $125.00 statutory rate that went into effect on March 29, 1996,[2] is a matter left within the district court's discretion. *Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 199, 200 (6th Cir. 1992). The $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). The *Begley* Court interpreted "*Chipman* as a specific instruction not to use [$125.00] as a *minimum* hourly fee and a more general command to district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." 966 F.2d at 200 (emphasis in original). The Court of Appeals has "neither precluded cost of living adjustments in appropriate cases, nor interfered with the authority of the district courts to decide such matters within their discretion." *Id.*

This District Court has determined that the cost of living increase should be based on the multiplier for the particular year in which compensable services were rendered (historic rates), rather than for the year in which the plaintiff filed his EAJA petition (current rates). *See Jones v.*

---

[2] *See London v. Halter*, 203 F.Supp.2d 367, 373 (E.D. Tenn. 2001) (citing Contract with America Advancement Act of 1996, PL 104-121, §§ 231-233).

6

*Commissioner of Social Security*, No. 1:05cv789, 2007 WL 1362776, at *4 (S.D. Ohio May 8, 2007) (Barrett, J.). *See also Fantetti v. Commissioner of Soc. Sec.*, No 1:08cv621, 2010 WL 546729, at *3 (S.D. Ohio Feb. 12, 2010) (Dlott, C.J.). In determining the increased rate to use, the Court notes that the CPI is published on a monthly basis as well as on an annualized basis. Because of the computational difficulties inherent in using monthly multipliers for each of the months in which services were performed, the Court should use the cost of living multiplier applicable to the particular year in which fees were incurred. *See Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994); *Knudsen v. Barnhart*, 360 F.Supp.2d 963, 974 (N.D. Iowa 2004); *Gates v. Barnhart*, 325 F. Supp.2d 1342, 1347 (M.D. Fla. 2002). In the event an annualized multiplier is not available for the latest year in which services were performed, the Court should average the monthly multipliers for each of the applicable months in the latest year to produce a multiplier for that year. *See Knudsen,* 360 F.Supp.2d at 975; *Gates*, 325 F. Supp.2d at 1347.

Applying these principles to the instant case, the Court notes that plaintiff has requested a cost of living increase for services rendered after March 29, 1996, the date the statutory rate increased from $75.00 to $125.00. The Court finds that an increase in the statutory $125.00 fee is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of EAJA. Plaintiff has requested an hourly rate of $165.22 per hour based on the CPI "for all urban consumers."[3] However, plaintiff cites no authority for applying the CPI for this category, and the Court is not aware of any EAJA cases where the CPI for all urban consumers has been applied. Instead, judges in this district have applied the CPI for either Services or for All Items in calculating the appropriate cost of living increase. *See Adkins v.*

---

[3] Plaintiff does not specify whether the requested rate is based on the CPI for Services or for All Items.

*Commissioner of Social Security*, No. 1:07cv073, 2011 WL 2020647, at *2 (S.D. Ohio May 24, 2011) (Barrett, J.) (recognizing discrepancy among decisions and citing cases).[4] The Court finds it unnecessary to resolve whether the CPI for Services or the CPI for All Items should be applied in the present case. Rather, plaintiff's request for the hourly rate of $165.22 for services performed primarily in August 2009 (Doc. 18, Exh. A) is justified when compared to the statutory rate adjusted by the CPI for either category.

First, the requested rate is considerably lower than the statutory rate based on the CPI for Services for the Midwest urban area. In March 1996, when the $125.00 statutory rate became effective, the CPI for Services for the Midwest urban area was 166.5.[5] *See Sturgeon*, 2009 WL 5194385, at * 4. The Court in *Sturgeon* awarded an increased rate of $170.00 for hours of service performed in 2008 and 2009 based on statutory rates of $181.51 (2008 CPI of 241.771 divided by March 1996 CPI of 166.5 multiplied by $125.00) and $182.61 (average of 2009 monthly CPI multipliers through August 2009 - 243.24 - divided by March 1996 CPI of 166.5 multiplied by $125.00). *Id.*, at **4-5.

Second, the $165.22 rate plaintiff seeks in this case is lower than the statutory rate of $168.13 based on the 2009 CPI for All Items for the Midwest urban area (2009 CPI of 204.064 divided by March 1996 CPI of 151.7 multiplied by $125.00).[6] Moreover, this District Court has awarded a higher hourly rate than that requested by plaintiff based on the CPI for All Items for

---

[4]The Court in *Adkins* used the CPI index for the Midwest region without addressing whether it was appropriate to use this index as compared to the U.S. City average index given that the Commissioner did not object to the use of the regional index. *Id.* at *1, n.2. This Court will likewise use the CPI indices for the Midwest region in the present case.

[5]Data on the CPI for Services in the Midwest region is available at http://www.bls.gov/ro5/cpisumarchive.htm.

[6]*See* http://data.bls.gov/cgi-bin/surveymost?cu.

work performed in 2008. *See Elliott v. Commissioner of Social Security*, No. 3:07cv479, 2009 WL 1935925, at *2 (S.D. Ohio 2009) (Rice, J.) (noting current hourly rate of $172.50 based on 2008 CPI for All Items and awarding as reasonable the slightly lower hourly rate of $168.28 requested by the plaintiff). Because the hourly rate proposed by plaintiff here is lower than rates previously awarded by this District Court using the 2008 and 2009 CPIs, the United States will not be prejudiced by the Court's adoption of the rate proposed by plaintiff for work performed primarily in 2009.

The Court also considers the affidavit of plaintiff's counsel, which sets forth counsel's credentials and extensive experience handling Social Security disability cases. (Doc. 24). The Court finds this information, considered in conjunction with the rates awarded by this District Court in similar cases, amply demonstrates that the hourly rate of $165.22 per hour sought by counsel for plaintiff is reasonable and warranted in this matter.

Plaintiff has not requested an increase in the rate based upon any "special factor." *See* 28 U.S.C. § 2412(d)(2)(A). Accordingly, the Court need not address the "special factor" inquiry.

An issue remains as to the number of hours to which the $165.22 hourly rate is to be applied. Counsel for plaintiff submits that 30.5 hours of attorney time was spent on this case before the District Court. The Commissioner does not challenge the number of hours submitted by counsel. The Court has reviewed the number of hours and finds such hours reasonable and relevant to the prosecution of this matter. Compensation for 30.5 hours at the $165.22 hourly rate yields an attorney fee of $5,039.21. Accordingly, the Court finds such a fee is reasonable and should be awarded under the EAJA. Plaintiff is also entitled to costs and expenses of $350.00. The award is payable to plaintiff rather than plaintiff's counsel. *See Astrue v. Ratliff*,

130 S.Ct. 2521, 2529 (2010).

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED** and that plaintiff be **AWARDED** $5,039.21 in attorney fees and $350.00 in costs and expenses for a total award of $5,389.21.

Date: 6/3/2011

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LONNY K. McKENZIE,<br>Plaintiff,<br><br>vs<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>Defendant. | Civil Action No. 1:09-cv-341<br>Beckwith, J.<br>Litkovitz, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).